The question was determined upon an agreed statement of facts. A summary of such pertinent facts is as follows: The plaintiff is the duly *Page 352 
appointed receiver of Central Securities Company of Asheville. The defendant, as Commissioner of Banks, has in his possession for liquidation all the property and assets of Central Bank and Trust Company. The officers of Central Securities Company and the Central Bank and Trust Company were practically the same; that is to say, W. B. Davis was president and active manager for both companies, and there were other interlocking officers. In December, 1928, the bank was trustee in a certain trust indenture, according to the terms of which the Securities Company assigned, transferred, deposited and pledged unto the bank in trust certain notes, bonds, mortgages, cash and other securities. This pledge of securities was for the purpose of supporting coupon bonds issued and to be issued by the Securities Company. On 28 January, 1930, the Securities Company contemplated the issue of what is described as Series E. Bonds, and on said date entered into a supplemental trust agreement with the bank as trustee. By virtue of this supplemental agreement Series E. Bonds were issued by the Securities Company in the sum of $380,000. $280,000 of these bonds had been purchased by A. E. Kusterer and Company of Grand Rapids, Michigan. On 10 September, 1930, negotiations were begun between the Securities Company and Kusterer for the purchase of $100,000 of said Series E. Bonds. Kusterer agreed to purchase $100,000 worth of said bonds, but before consummating the purchase inquired of the bond department of the bank as to the securities held for the payment of said bonds. Thereupon the bond department of the bank on 23 September, 1930, advised Kusterer that it then held, among other securities, $117,500 in Liberty Bonds. Relying upon said representations so made by the bank, Kusterer paid to the bank as trustee on 24 September, 1930, the purchase price of $100,000 for said Series E. Bonds. At the time of making the representations to Kusterer and Company as an inducement to the purchase, the bank did not have but $27,500 of Liberty Bonds. Thereafter, on various days in September, the Securities Company bought an aggregate of $90,000 of Liberty Bonds. Drafts for the purchase price of these bonds were paid by the bank. All of these bonds were sold, and it was specifically agreed "that the funds derived by the Central Bank and Trust Company from the sale of United States Liberty Bonds, above mentioned, were appropriated and used by Central Bank and Trust Company in the course of its business and went to swell the assets of said bank." The bank failed on 19 November, 1930, and the receiver for the Securities Company filed a claim with the defendant contending that the Securities Company was entitled to a preference. The defendant took a contrary view.
After hearing the argument of counsel the trial judge was of the opinion that the plaintiff was entitled to a preference for $117,500, and so adjudged. From the judgment so rendered the defendant appealed. *Page 353 
Eliminating scenery and background, the case is this: The Central Bank and Trust Company was trustee under a trust indenture to hold securities for the protection of a bond issue duly made by the Securities Company. Certain bonds of such issue were sold, and the purchaser paid the money to the trustee. The trustee commingled the money and appropriated the same to its own use. The facts interpreted in the light of recent cases dealing with preferences, disclose that this money had a string tied to it or an invisible legal fence about it, setting it apart from the general funds of the bank. Therefore, the judgment is affirmed upon authority of Parker v.Trust Co., 202 N.C. 230, 162 S.E. 564, and Flack v. Hood, Comr., ante, 337.
Affirmed.